IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TRACY L. SANDERS                                                                          PLAINTIFF

vs.                                    Civil No. 4:14-cv-04093

CAROLYN COLVIN                                                                         DEFENDANT
Commissioner, Social Security Administration

# REPORT AND RECOMMENDATION
# OF THE UNITED STATES MAGISTRATE JUDGE

Tracy Sanders ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI") and a period of disability under Titles II and XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Susan O. Hickey referred this case to the Honorable Barry A. Bryant for the purpose of making a report and recommendation. The Court, having reviewed the entire transcript and relevant briefing, recommends the ALJ's determination be **AFFIRMED.**

1.  **Background:**

Plaintiff's applications for DIB and SSI were filed on September 16, 2011. (Tr. 9, 107-117). Plaintiff alleged she was disabled due to scoliosis, bulging disc, neck problems, high blood pressure, sinus problems, and ulcers. (Tr. 132). Plaintiff alleged an onset date of July 3, 2010. (Tr. 9, 107, 111). These applications were denied initially and again upon reconsideration. (Tr. 9). Thereafter,

Plaintiff requested an administrative hearing on her applications and this hearing request was granted. (Tr. 70-73).

Plaintiff had an administrative hearing on December 13, 2012. (Tr. 24-40). Plaintiff was present and was represented by counsel, Anthony Biddle, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Lakedra Parker testified at this hearing. *Id.* At the time of this hearing, Plaintiff was fifty (50) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d), and had completed the ninth grade. (Tr. 17, 133).

On February 12, 2013, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB and SSI. (Tr. 9-18). In this decision, the ALJ determined the Plaintiff met the insured status requirements of the Act through March 31, 2015. (Tr. 11, Finding 1). The ALJ also determined Plaintiff had engaged in Substantial Gainful Activity ("SGA") since the alleged onset date, but there had been a continuous 12 month period where the Plaintiff did not engage in SGA. (Tr. 11-12, Findings 2, 3).

The ALJ also determined Plaintiff had the severe impairments of cervical and lumbar disc disease, hypertension, and obesity. (Tr. 12, Finding 4). The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 12, Finding 5).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 12-17). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* The ALJ also found Plaintiff retained the RFC to occasionally lift and carry 20 pounds; frequently lift and carry less than 10 pounds; sit, stand, or walk for 6 hours during an 8-hour period; alternate standing and sitting every 30 minutes;

occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs, but no ladders, ropes, or scaffolds; occasionally reach overhead and frequently handle and finger with the left arm; has no restriction on the right arm; should avoid exposure to hazards, temperature extremes, and concentrated exposure to vibrations; and should not handle complex instructions because of the possible side effects to medication.  (Tr. 12-13, Finding 6).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr. 17, Finding 7).  The ALJ found Plaintiff was unable to perform her PRW as a chicken catcher and housekeeper.  *Id.*  The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform.  (Tr. 17, Finding 11).  The ALJ based his determination upon the testimony of the VE.  *Id.*  Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupation such as a price tagger with 300 such jobs in Arkansas and 190,000 such jobs in the nation, storage rental clerk with 400 such jobs in Arkansas and 185,000 such jobs in the nation, and photocopy machine operator with 500 such jobs in Arkansas and 165,000 such jobs in the nation.  *Id.*  Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act since July 3, 2010.  (Tr. 18, Finding 12).

Thereafter, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 5).  *See* 20 C.F.R. § 404.968.  On May 13, 2014, the Appeals Council declined to review this unfavorable decision.  (Tr. 1-3).  On July 17, 2014, Plaintiff filed the present appeal.  ECF No. 1.  Both parties have filed appeal briefs.  ECF Nos. 9, 10.  This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

Plaintiff brings the present appeal claiming the ALJ erred: (A) in failing to properly consider Plaintiff's complaints of pain, (B) in failing to consider the effects of Plaintiff's impairments in combination, (C) in failing to present a complete hypothetical to the VE, and (D) in the RFC determination. ECF No. 9, Pgs. 2-8. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 10.

**A. ALJ's Credibility Determination**

Plaintiff claims the ALJ erred in his credibility determination. ECF No. 9. In response, Defendant argues the ALJ properly evaluated and discredited Plaintiff's subjective complaints pursuant to the directives of *Polaski*. ECF No. 10.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[1] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find

---

[1] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

Plaintiff argues the ALJ erred in assessing her credibility as it related to the limiting effects of her impairments and did not fully consider her subjective complaints. The Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints of pain in compliance with *Polaski*.

In the present action, this Court finds the ALJ properly addressed and discounted Plaintiff's subjective complaints. In the opinion, the ALJ addressed the factors from *Polaski*, 20 C.F.R. § 404.1529, and 20 C.F.R. § 416.929, and stated inconsistencies between Plaintiff's testimony and the record. (Tr. 13-17). Specifically, the ALJ noted the following: (1) Absence of objective medical findings to support Plaintiff's alleged disabling pain, (2) Plaintiff's described activities of daily living are not limited to any serious degree, (3) Plaintiff engaged in SGA after the alleged onset date, (4) No physician has placed a level of limitation on Plaintiff's activities comparable to those described by Plaintiff, (5) Plaintiff has not required regular treatment for any impairment, and (6) Observations of Plaintiff by the ALJ during the administrative hearing. *Id.*

These findings are valid reasons supporting the ALJ's credibility determination, and this Court finds the ALJ's credibility determination is supported by substantial evidence and should be affirmed. *See Lowe,* 226 F.3d at 971-72. Accordingly, the ALJ did not err in discounting Plaintiff complaints of pain.

### B. Combination of Impairments

Plaintiff argues the ALJ erred by failing to consider all of her impairments in combination. However, under the facts in the present case and after a thorough review of the ALJ's opinion and the record in this case, this Court finds the ALJ properly considered Plaintiff's impairments in

combination.

The Social Security Act requires the ALJ to consider the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. *See* 20 C.F.R. § 404.1523 (2006). In the present action, in reviewing these claimed impairments, the ALJ stated Plaintiff "does not have an impairment or *combination* of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (Tr. 12, Finding 5) (emphasis added). The ALJ also found, "after consideration of the entire record," the Plaintiff had the RFC to occasionally lift and carry 20 pounds; frequently lift and carry less than 10 pounds; sit, stand, or walk for 6 hours during an 8-hour period; alternate standing and sitting every 30 minutes; occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs, but no ladders, ropes, or scaffolds; occasionally reach overhead and frequently handle and finger with the left arm; has no restriction on the right arm; should avoid exposure to hazards, temperature extremes, and concentrated exposure to vibrations; and should not handle complex instructions because of the possible side effects to medication. (Tr. 12, Finding 6). The ALJ went on to state Plaintiff's RFC would not preclude her from performing other work that exists in significant numbers in the national economy. (Tr. 17, Finding 11).

These statements are sufficient under Eighth Circuit precedent to establish that the ALJ properly considered the combined effect of a claimant's impairments. *See Hajek v. Shalala,* 30 F.3d 89, 92 (8th Cir. 1994) (holding that statements such as "the evidence *as a whole* does not show that the claimant's *symptoms* . . . preclude his past work as a janitor" and "[t]he claimant's *impairments* do not prevent him from performing janitorial work . . ." sufficiently establish that the ALJ properly considered the combined effects of the plaintiff's impairments).

Thus, pursuant to the Eighth Circuit's holding in *Hajek,* this Court finds the ALJ properly

considered Plaintiff's impairments in combination. Plaintiff has alleged she suffers from a number of impairments. However, this Court is not required to find a claimant is disabled simply because he or she has alleged a long list of medical problems. The ALJ's opinion sufficiently indicates the ALJ properly considered the combined effect of Plaintiff's impairments, and the ALJ properly considered the severity of the combination of Plaintiff's impairments. *See Hajek,* 30 F.3d at 92.

### C. Step 5 Determination

At Step Five of a disability determination, the SSA has the burden of establishing that a claimant retains the ability to perform other work in the economy. *See Snead v. Barnhart,* 360 F.3d 838, 836 (8th Cir. 2004). The SSA may meet this burden by either applying the Grids or by relying upon the testimony of a VE. *See Cox v. Astrue,* 495 F.3d 614, 621 (8th Cir. 2004) (finding the SSA's denial of benefits was supported by substantial evidence where the VE's testimony was based on a correctly-phrased hypothetical question); *Patrick v. Barnhart,* 323 F.3d 592, 596 (8th Cir. 2003) (finding the SSA's denial of benefits was supported by substantial evidence where the ALJ applied the Grids).

The SSA may not apply the Grids, and must hear testimony from a VE, where a claimant's RFC is significantly diminished by a nonexertional limitation. *See McGeorge v. Barnhart,* 321 F.3d 766, 768-769 (8th Cir. 2003). If, however, the SSA properly determines a claimant's RFC is not significantly diminished by a nonexertional limitation, then the SSA may rely exclusively upon the Grids and is not required to hear the testimony from a VE. *See McGeorge,* 321 F.3d at 768-769.

In this matter, the ALJ heard testimony from a VE regarding Plaintiff's ability to perform work in the national economy. It is generally accepted that VE testimony, in response to a hypothetical question, is substantial evidence if the hypothetical sets forth the credible impairments with reasonable precision. *See Starr v. Sullivan*, 981 F.2d 1006 (8th Cir. 1992). It has further been

established the ALJ must only include in the hypothetical those impairments which the ALJ actually finds credible, and not those which he rejects, assuming his findings are supported by substantial evidence. *See Onstad v. Shalala*, 999 F.2d 1232 (8th Cir. 1993).

The ALJ found Plaintiff had the RFC to occasionally lift and carry 20 pounds; frequently lift and carry less than 10 pounds; sit, stand, or walk for 6 hours during an 8-hour period; alternate standing and sitting every 30 minutes; occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs, but no ladders, ropes, or scaffolds; occasionally reach overhead and frequently handle and finger with the left arm; has no restriction on the right arm; should avoid exposure to hazards, temperature extremes, and concentrated exposure to vibrations; and should not handle complex instructions because of the possible side effects to medication. (Tr. 12-13, Finding 6). In response to a hypothetical question containing these limitations, the VE testified work existed in the national economy consistent with the limitations found by the ALJ. (Tr. 38-39). The ALJ found a significant number of jobs existed in the national economy which Plaintiff could perform. (Tr. 17, Finding 11). Relying on the VE testimony, the ALJ found Plaintiff was not under a disability as defined by the Act. (Tr. 18, Finding 12).

I find the ALJ's hypothetical question properly set forth those limitations the ALJ found credible and which are supported by the evidence of record. *See Haynes v. Shalala*, 26 F.3d 812, 815 (8th Cir. 1994); *Rappoport v. Sullivan*, 942 F.2d 1320, 1322 (8th Cir. 1991) (ALJ need only include in his hypothetical question those impairments he accepts as true). The VE stated jobs existed in both the national and regional economy for the vocational profile of the Plaintiff. Such testimony, based on a hypothetical question consistent with the record, provided substantial evidence.

### **D. RFC**

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff retained the RFC to occasionally lift and carry 20 pounds; frequently lift and carry less than 10 pounds; sit, stand, or walk for 6 hours during an 8-hour period; alternate standing and sitting every 30 minutes; occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs, but no ladders, ropes, or scaffolds; occasionally reach overhead and frequently handle and finger with the left arm; has no restriction on the right arm; should avoid exposure to hazards, temperature extremes, and concentrated exposure to vibrations; and should not handle complex instructions because of the possible side effects to medication. (Tr.

12-13, Finding 6).

Plaintiff argues the ALJ erred in this RFC determination because it was not supported by the medical evidence. ECF No. 9, Pg. 8. Plaintiff's argument on this point is one paragraph and only argues the Plaintiff cannot work because her medication makes her "sleepy all day" and "the ALJ finding is not supported by the evidence in the record." *Id.* As mentioned, Plaintiff has the burden of producing documents and evidence to support her claimed RFC. Plaintiff references no medical evidence in support of her argument.

Although Plaintiff testified her medication made her sleepy (Tr. 34), the evidence in the record shows Plaintiff also stated she never had to discontinue medication because of side effects. (Tr. 160, 253). Also, in completing her disability application materials, Plaintiff either denied any side effects or noted that her medications caused her dizziness, rather than sleepiness. (Tr. 160, 198, 207, 253). Additionally, Plaintiff's medical records show she did not complain of any actual side effects and no physician sought to modify her medications due to adverse side effects. (Tr. 284, 287, 289, 315, 340, 372, 375, 397-401, 409-411). Finally, the ALJ did consider Plaintiff's allegation of dizziness from medication in the RFC determination and found Plaintiff should not handle complex instructions because of the possible side effects to her medications. (Tr. 12-13, finding 6).

As shown by the above medical evidence, substantial evidence supports the ALJ's RFC determination. Plaintiff has the burden of establishing her claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met her burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence in the record. This Court recommends that the ALJ's decision be affirmed.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED** this 14th **day of April 2015.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE